IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03082-BNB

CURT ALLEN SIGLER,

    Plaintiff,

v.

PATRICIA ANN SIGLER (a/k/a Patricia Marchetti),

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Curt Allen Sigler, is an inmate at the Broomfield Detention Center in Broomfield, Colorado. Mr. Sigler initiated this action by filing *pro se* a document titled "Notice and Motion for Divorce" (ECF No. 1). On November 27, 2012, Magistrate Judge Boyd N. Boland entered an order directing Mr. Sigler to cure certain deficiencies if he wishes to pursue his claims in this action. More specifically, Magistrate Judge Boland ordered Mr. Sigler to file on the proper forms a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and to submit the necessary documents in support of the 28 U.S.C. § 1915 motion.

    On December 19, 2012, Mr. Sigler filed on the proper forms a Prisoner Complaint (ECF No. 5) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 4), and he submitted the necessary documents in support of the 28 U.S.C. § 1915 motion. However, the Prisoner Complaint and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on December 19 are deficient because both papers violate Rule 10.1F. of the local rules for

the District of Colorado, which provides that the text of papers presented for filing "shall be printed on one side of the page only." The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on December 19 also is deficient because it is not signed. Pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed" and "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." On December 27, 2012, Magistrate Judge Boland entered a second order directing Mr. Sigler to cure these new deficiencies if he wishes to pursue his claims in this action. Mr. Sigler was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

Mr. Sigler has failed to cure the deficiencies specified in Magistrate Judge Boland's December 27 order within the time allowed and he has failed to respond to that order in any way. Therefore, the action will be dismissed for failure to cure the deficiencies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Sigler failed to cure the deficiencies as directed. It is

FURTHER ORDERED that the "Notice and Motion for Divorce" (ECF No. 1) and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 4) are DENIED as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  4th  day of    February   , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court